# CIRCUIT COURT OF BALTIMORE CITY.

Filed March 22, 1897.

L. ROBERT COATES
VS.
SMITH & BRADY AND BALTIMORE, MIDDLE R. & SPARROW'S PT. R. R.

*Frank P. Clark* and *John T. Mason R.* for plaintiff.

*E. Beverly Slater* for Smith & Brady.

*Geo. R. Willis* and *F. C. Dugan* for the Baltimore, Middle River and Sparrows' Point Railroad Co.

DENNIS, J.—

Smith & Brady entered into a written contract with the Middle River Railroad—a suburban road running from Baltimore City to Middle River—to construct its line. The contract was substantially in the usual form of such contracts.

Smith & Brady being without means to prosecute the work, applied to Coates, the plaintiff, to furnish the money necessary to carry through the undertaking. Coates accepted this proposition, and entered into a written agreement with Smith & Brady, in which he contracted to furnish the funds, and to "financier" the road, in consideration of receiving one-half the profits resulting from the contract of construction, except that which related to the overhead electric work. Under this contract, Coates' sole obligation was the "financiering" of the enterprise, and he was given no rights and assumed no obligations whatever in regard to the work of construction. The railroad company was no party to this agreement, and although at its suggestion it was submitted to its counsel who suggested a slight verbal change should be made, which was accordingly done, yet the company always refused to become in any way a party to it, except in so far as its assent might be inferred to have been given from its subsequent dealings with the parties.

But Coates himself, as it turned out, although having agreed to "finance" the work, was without means to enter upon the undertaking; and for the purpose of raising the necessary funds, he assigned his contract with Smith & Brady as collateral first to Gittings & Co., and having subsequently settled up with them, finally to Ehlen, who continued to advance the money for the work up to the time of its completion. This assignment to Ehlen, signed both by Smith & Brady and Coates, after a direction to the railroad company to pay over to Ehlen the entire amount of money found to be due either of them, according to the estimates of the chief engineer, under the construction contract between the company and Smith & Brady, contains the further language:

"For value received, we do hereby assign to Frank Ehlen, all our right, title and interest in and to the entire amount of money due or to become due to us under the contract above mentioned." At the time this assignment was made, a letter was written by Ehlen to the assignors, stating that it was understood that the assignment was made for the purpose of securing the money to be advanced for the completion of the contract of construction. The company was notified of this assignment, but not of the private letter from Ehlen to the assignors qualifying the character of the assignment; and this assignment continues unrevoked to the present time, and it is conceded that Ehlen is still unpaid a large sum advanced by him for the construction of the road, which the assignment was intended to secure.

Under these circumstances, Coates has filed the present bill making the Railroad Company and Smith and Brady the contractors, the defendants, asking for an accounting between the Railroad Company and Smith and Brady and between them and himself; and for a receiver for the Railroad Company, the last prayer being based upon the theory of its insolvency. He alleges that numerous changes were made in the manner of the construction of the road for which there was no provision in the contract; that he was put to expense by delays caused by the failure of the defendant corporation to obtain the rights of way and that the corporation required a large amount of extra work to be done which greatly increased the cost of constructing the road; and also that the engineer, whose estimates were to be taken under the terms of the contract as the bases for the settlement between the parties, was grossly unjust and unfair in his estimates of the value of this work. The defendant railroad has demurred to the bill on the ground of misjoinder; and its contention is that as there was no privity of contract between it and the plaintiff, he cannot join it as a co-defendant with Smith and Brady, nor maintain any suit against it whatever.

Under the agreement between Smith & Brady and Coates, the latter undoubtedly became a partner as between themselves as to a portion of the contract; and as such partner he had a right to file a bill against his copart-

ners for an accounting for the partnership credits, but he cannot compel the defendant company to be a party to such accounting, or to account to Smith & Brady, under its contract with them, unless the plaintiff had himself become a party to the contract between Smith & Brady and the company, because otherwise there would be no privity of contract between him and the company.

Now the written contract was between the company and Smith & Brady alone; the latter were the sole contractors to do the work, and the company could only look to them for its faithful completion. No matter what agents they might employ to assist them, and no matter how they might agree to compensate such agents, whether by a portion of the profits or otherwise, that fact would not make such agent a party, in his own right as a principal, under their contract with the company, it would give the company no right of action under the contract against the agent, nor the agent any right of action against the company; but the matter would be one wholly between the agent and Smith & Brady, with which the company would have nothing to do. Nor was anything done by the company which, in my opinion, at all changed its relations under their contract with Smith & Brady, or admitted Coates to any of the rights or imposed upon him any of the obligations under it. It is true that it was made acquainted with the contract between Smith & Brady and Coates, and while it refused to give its written assent to the contract, it yet recognized it to the extent that it would make no payment except in Coates' presence, they treating him as the financial agent. But this was equally the fact, when it was informed that Coates had assigned the contract to Ehlen; it would only make the payments in Ehlen's presence or under Ehlen's orders. But, in doing this, it simply recognized the fact that Coates was the financial agent of the contractors, because that was the extent of his rights under his contract with them, and desired to act in good faith for his protection; and it might just as well be claimed that this same course of dealing, which was carried out with Gittings & Co., and later on with Ehlen, as each was successively the assignee of Coates' contract with Smith & Brady,

made them parties to the construction contract between Smith & Brady and the company, as it did Coates; and that, therefore, either of these parties could have maintained a bill against the company on that contract. Nor does the fact that Coates actively superintended the work of construction, consulted with the chief engineer, &c., make any difference in his legal relations. His rights are to be determined solely by his contract with Smith & Brady; as to them, he was a partner in a portion of the construction work— as to the company, he was simply the recognized agent of Smith & Brady. Of course, the company recognized the fact that he was such agent; it was bound to do so, as it knew the fact, and there was no reason why it should refuse; but this gave him no more rights under the construction contract between the company and Smith & Brady than it would have given any other agent or employee of the latter to whom they might have agreed to pay a portion of the profits of the work as compensation, instead of a definite salary.

Mutuality of obligation is essential under every contract. Applying this test, could the company have sued Coates for non-performance of the contract of construction between it and Smith & Brady? If it could not, then Coates cannot maintain an action growing out of that contract against the company; nor do his relations under his separate contract with Smith & Brady impose additional obligations upon him in favor of the company or give him additional rights against it. The company is bound by its obligations to Smith & Brady, and the latter by its to the company, under the contract between them, and with the questions arising under this contract, no others have a right to interfere.

The plaintiff must look to Smith & Brady for the performance of their agreement with him; and Smith & Brady alone can look to the company for the enforcement of their rights under the construction contract between them and it.

I will sign a decree dismissing the bill as to the defendant company: but as Smith & Brady have admitted all the facts alleged in the bill, the decree will give as against them the relief prayed for.